## Handicapped Children (No. 2)

HARRINGTON ADAMS and JAMES M. QUIGLEY, Deputy Attorneys General, and THOMAS D. McBRIDE, Attorney General, June 19, 1958.—In Official Opinion No. 112, Handicapped Children (No. 1), 14 D. & C. 2d 475, we discussed under heading IV the purchase of equipment for transportation of handicapped children. We held that no authority existed to purchase equipment for such transportation and that continues to be our opinion when the transportation that is furnished by the school district is available and can be used by the physically or mentally handicapped.

We now supplement that opinion by discussing the problem of the physically or mentally handicapped child who is so physically incapacitated or mentally retarded

as to be unable to use free transportation provided by the usual school bus.

This situation is provided for by section 1374 of the Public School Code of March 10, 1949, P. L. 30, as amended by the Act of June 1, 1956, P. L. 2013, 24 PS §13-1374, the title of which reads in part:

". . . requiring the board of county school directors to provide transportation for physically or mentally handicapped children in certain cases, . . ."

Section 1374, 24 PS §13-1374, reads:

"Any physically or mentally handicapped child, who is regularly enrolled in a special class that is approved by the Department of Public Instruction, or who is enrolled in a regular class in which approved educational provisions are made for him, may be furnished with free transportation by the school district. When it is not feasible to provide such transportation the board of school directors may in lieu thereof pay for suitable board and lodging for any such child. If free transportation or board and lodging is not furnished for any physically or mentally handicapped child who, by reason thereof, is unable to attend the class or center for which he is qualified, the county board of school directors shall provide the transportation necessary."

This section contemplates three situations with regard to the physically or mentally handicapped: (1) The furnishing by the school district of free transportation; (2) if (1) is not available, the payment of board and lodging by the school district; (3) if neither (1) or (2) is furnished, *the county board of school directors shall provide the transportation necessary.*

This section was not discussed in Official Opinion No. 112 and it should be understood that we are now discussing the transportation of the physically or mentally handicapped child who is so physically incapacitated or mentally retarded as to be unable to use free transportation as provided by the usual school

bus. In this instance and in this instance alone, the duty or responsibility of furnishing the means of transportation is upon the county board of school directors.

The type and means of transportation is not spelled out in detail and this is understandable since special equipment and trained personnel may be necessary in many instances for the type of child we are considering.

The education and training of this child commences with the arrival of the means of transportation at the home of the pupil. The entry into the automobile, the trip to the school and his alighting from the automobile are under the supervision of trained personnel and form a part of the education and training of the pupil. Special equipment must be provided in some instances for getting in and out of the motor vehicle. Familiarity with this equipment, getting the pupil accustomed to it and solving the specific and individual problems of each pupil are the responsibilities of trained personnel operating the means of transportation.

We believe the legislature had in mind the many special situations which may prevail and for this reason gave the county board of school directors broad powers to meet the needs. Whether transportation is provided by purchasing this equipment or renting it is a matter of discretion with the county board. The power and authority to solve the problem is given to them and the responsibility is theirs.

The cost of this transportation, as set forth in Official Opinion No. 112, as well as Official Opinion No. 48, is chargeable to transportation.

We believe this interpretation complies with the constitutional mandate, article X, sec. 1, for the maintenance and support of a thorough and efficient system of public schools, wherein it is declared that *all the*

*children of this Commonwealth* above the age of six may be educated.

We are of the opinion and you are accordingly advised that the county board of school directors is required to furnish transportation for the physically incapacitated or mentally handicapped child who is so physically incapacitated or mentally retarded as to be unable to use free transportation as provided by the usual school bus, and that in doing so the county board of school directors may purchase transportation equipment if necessary.